```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
SANJAY SOOKUL,

                        Plaintiff,

        -against-

COMICLINK SERVICES, LLC,

                        Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/27/2023__
```

22 Civ. 9199 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    On October 27, 2022, Plaintiff, Sanjay Sookul, filed this action against Defendant, Comiclink Services LLC. ECF No. 1. On October 28, 2022, the Court directed the parties to file a joint letter and proposed case management plan by December 30, 2022. ECF No. 5. The parties did not file their submissions. On January 9, 2023, the Court *sua sponte* extended the deadline for the parties' submissions to January 23, 2023. ECF No. 9. The parties did not file their submissions, nor any request for extension. On January 24, 2023, the Court again extended *sua sponte* the deadline for the parties' submissions to February 7, 2023. ECF No. 10. The Court advised the parties that failure to comply with the Court's order would result in dismissal under Federal Rule of Civil Procedure 41(b). *Id.* The parties missed the submission deadline and did not request any extension or otherwise communicate with the Court. Finally, on February 9, 2023, the Court extended the parties' submission deadline to February 23, 2023, warning the parties that failure to comply would result in dismissal under Federal Rule of Civil Procedure 41(b). ECF No. 11. The parties have not submitted their filings, nor have they filed any other communication with the Court. To date, Defendant has not appeared in this action.

    Under Rule 41(b), a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). In evaluating whether dismissal is appropriate, courts should consider:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). Dismissal is the "harshest of sanctions," and a court must provide adequate notice prior to dismissal and an explanation of its reasoning upon dismissal. *Id.* at 216–17 (citation and quotation marks omitted).

The Court finds that the majority of the factors weigh in favor of dismissal of this case. First, for four months, Plaintiff has repeatedly failed to comply with the Court's orders. *See Holcombe v. Skupien*, No. 14 Civ. 1448, 2014 WL 6879077, at *2 (S.D.N.Y. Dec. 5, 2014) ("[C]ourts have deemed delays of three months and less sufficient to warrant dismissal." (citations omitted)). Second, the Court has twice informed Plaintiff in writing that his failure to comply with the Court's orders will result in a dismissal under Rule 41(b). *See* ECF Nos. 10–11. As to the third factor, because Defendant has not appeared, there is no prejudice to it. Fourth, on balance, the Court's interest in managing its docket outweighs Plaintiff's opportunity to be heard because the Court continues to expend resources instructing Plaintiff while Plaintiff fails to prosecute his case. *See St. Prix v. Sirus XM Satellite Radio*, No. 11 Civ. 1506, 2014 WL 405812, at *4 (S.D.N.Y. Jan. 29, 2014) ("'[F]airness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources' may warrant a dismissal under Rule 41(b)." (quoting *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir. 1980))). Finally, the Court has considered other sanctions but finds that dismissal without prejudice is the most appropriate. If Plaintiff decides to pursue his claims against Defendant, he may do so in a new lawsuit.

Accordingly, Plaintiff's complaint is DISMISSED without prejudice. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: February 27, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge